# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HAROLD JOSEPH KENDALL Individually, and as the Administrator of the ESTATE OF SHANE MIGUEL KENDALL, <br><br> Plaintiffs, <br><br> v. <br><br> FULTON COUNTY, GEORGIA, NAPCARE, INC. SHERIFF PATRICK LABAT, in his individual capacity and in his official capacity as Sheriff of Fulton County, Georgia, MICHAEL AGYEI, individually and, EDITH NWANKWO, individually, <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-00416-JPB |

**BRIEF IN SUPPORT OF FULTON COUNTY AND SHERIFF PATRICK LABAT'S MOTION TO FILE AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

COME NOW Fulton County, and Sheriff Patrick Labat, by and through undersigned counsel and in their official capacities, and file this motion for leave to file their amended motion to dismiss, and in support thereof, show the Court as follows:

## I.  INTRODUCTION

Plaintiff filed a Complaint on January 27, 2023 against the above-named Defendants. [Doc. 1]. Plaintiff attempts to assert a 42 U.S.C. § 1983 action based upon the alleged violations of Plaintiff's (on behalf of the Estate of decedent) Eighth and Fourteenth Amendment rights under the United States Constitution. Plaintiff also alleges violations of Georgia State Law. Plaintiff seeks an award of compensatory damages, punitive damages and reasonable attorney's fees, expenses, and costs of litigation under 42 U.S.C. § 1988 and other applicable law; and such other and further relief as this Court deems just and proper.

Fulton County, and Sheriff Patrick Labat timely responded to Plaintiff's Complaint by way of a motion to dismiss and raised Eleventh Amendment immunity, sovereign immunity and qualified immunity as grounds for the Court to dismiss Plaintiff's Complaint. However, Fulton County, and Sheriff Patrick Labat mistakenly exceeded the 25-page limit prescribed within the local rules. Accordingly, Fulton County, and Sheriff Patrick Labat now seek to correct said error by obtaining leave of this Court to amend their motion to dismiss.

## II.  ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Federal Rule of Civil Procedure 15 and the Court's inherent power to control its proceedings, the Court can exercise its authority to allow Defendants'

motions to dismiss to be amended. *See also* 28 U.S.C. § 1651. The decision whether to grant leave to amend is within the sound discretion of the trial court, but "is strictly circumscribed by the proviso that 'leave shall be freely given when justice so requires.'" *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988) (citations omitted); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) and *Nat'l. Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir.1982). "While a decision whether to grant leave to amend is clearly within the discretion of the district court, a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993), citing *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990).

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *see also Moore*, 989 F.2d at 1131. The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, leave should freely be given because there is not a substantial reason to

3

deny Fulton County, and Sheriff Patrick Labat's request. Although Fulton County, and Sheriff Patrick Labat acknowledge that it is well-established in the Eleventh Circuit that a motion to dismiss is not considered a responsive pleading for purposes of Federal Rule of Civil Procedure 15(a), *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993) (citations omitted), the amendment would not cause undue prejudice to Plaintiff and allowing Fulton County, and Sheriff Patrick Labat the ability to contain their Motion within the prescribed 25 pages would aid in judicial economy as their arguments viewed in totality, unabridged, may lead to the dismissal, in whole or in part, of Plaintiff's Complaint.

Fulton County, and Sheriff Patrick Labat's motion to dismiss was just filed last night, February 23, 2023, and immediately preceding filing it was not apparent that the incorrect margins were employed, leading to the erroneous belief that said motion met the 25-page limit requirement. Recognizing the time constraints in the late evening of February 23, 2023, undersigned counsel made the decision to timely file the motion to dismiss and seek leave to amend "within five (5) business days of its filing." *Id.* Fulton County, and Sheriff Patrick Labat did not act in bad faith, and as promised, have sought to expeditiously provide both the Court and Plaintiff with a copy of their Amended Motion to Dismiss which meets the 25-page limit requirement. *See Vanslambrouck v. Fairfield Indus. Inc.*, No. 2:11-CV-76-FTM-

4

29SPC, 2011 WL 2435947 at *2 (M.D. Fla., June 15, 2011) (leave to amend granted when request to amend filed ten days after the original motion was filed and prior to the time to respond had expired and when court found no bad faith, intent to manipulate the court proceedings, and no prejudice to plaintiffs). Accordingly, Fulton County, and Sheriff Patrick Labat ask that this Court grant their leave to file their amended motion to dismiss.

## III.  CONCLUSION

For the foregoing reasons, Fulton County, and Sheriff Patrick Labat respectfully request that this Court **GRANT** their motion.

Respectfully submitted, this 24th day of February, 2023.

> Y. Soo Jo
> Fulton County Attorney
> **OFFICE OF THE FULTON COUNTY ATTORNEY**
>
> Kaye W. Woodard-Burwell
> Deputy County Counsel
> Georgia Bar No. 775060
>
> Brad Bowman
> Supervising County Counsel
> Georgia Bar No. 215007
>
> */s/ Sandy Milord*
> Sandy Milord
> Senior Assistant County Counsel
> Georgia Bar No. 622391

5

                                    **ATTORNEYS FOR FULTON**
                                    **COUNTY AND SHERIFF**
                                    **PATRICK LABAT**

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAROLD JOSEPH KENDALL Individually, and as the Administrator of the ESTATE OF SHANE MIGUEL KENDALL, <br><br> Plaintiffs, <br><br> v. <br><br> FULTON COUNTY, GEORGIA, NAPCARE, INC. SHERIFF PATRICK LABAT, in his individual capacity and in his official capacity as Sheriff of Fulton County, Georgia, MICHAEL AGYEI, individually and, EDITH NWANKWO, individually, <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-00416-JPB |

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on February 24, 2023, I have presented this document in Times New Roman, 14 point type, and that I have electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO FILE AMENDED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, which will provide email notification to the following counsel of record:

7

Rachel Kaufman
Kaufman Law Firm, LLC
133 Nassau Street NW
Atlanta, GA 30303-2035

This 24th day of February, 2023.

/s/ *Sandy Milord*
Sandy Milord
Senior Assistant County Counsel
Georgia Bar No. 622391

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)