# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| HAROLD JOSEPH KENDALL, individually and as the Administrator of the Estate of SHANE MIGUEL KENDALL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FULTON COUNTY, GEORGIA, a political subdivision of the State of Georgia; NAPHCARE, INC. an Alabama corporation, SHERIFF PATRICK LABAT, in his individual capacity and in his official capacity as Sheriff of Fulton County, Georgia, MICHAEL AGYEI, individually and, EDITH NWANKWO, individually. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:23-cv-00416-JPB |
| Defendants. | ) | |

## ANSWER AND DEMAND FOR A TRIAL BY A JURY OF TWELVE PERSONS OF DEFENDANTS NAPHCARE, INC., MICHAEL AGYEI, AND EDITH NWANKWO

COME NOW Defendants NaphCare, Inc., Michael Agyei, and Edith Nwankwo ("Defendants") and demand a trial by a jury of twelve persons and assert the following defenses to Plaintiffs' Complaint, showing the Court as follows:

## FIRST DEFENSE

The complaint fails to state a claim against these defendants upon which relief may be granted.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over the claims against these defendants.

## THIRD DEFENSE

The plaintiffs have failed to comply with the requirements of O.C.G.A. § 9-11-9.1 as to these defendants.

## FOURTH DEFENSE

The plaintiffs' alleged damages may have been caused, in whole or in part, by the conduct of others over whom Defendants exercised no control and for whose conduct Defendants are not responsible.

## FIFTH DEFENSE

No act or omission on the part of Defendants caused or contributed to causing any of the plaintiffs' alleged injuries and damages.

## SIXTH DEFENSE

Defendants assert the defense of intervening or superseding causation.

## SEVENTH DEFENSE

To the extent Defendants rendered medical care to Shane Kendall, it at all times met or exceeded that reasonable or requisite degree of care and skill exercised by medical providers generally, under similar and like circumstances.

## EIGHTH DEFENSE

Defendants are not jail officials or state actors, and therefore, to the extent the only viable claims are against jail officials or state actors, the claims against Defendants must be dismissed.

## NINTH DEFENSE

There has been an insufficiency of process as to Defendants.

## TENTH DEFENSE

There has been an insufficiency of service of process on Defendants.

## ELEVENTH DEFENSE

Defendants reserve the right to amend or supplement this Answer and Affirmative Defenses as allowed by the Federal Rules of Civil Procedure as their fact investigation and discovery continues.

## TWELFTH DEFENSE

Defendants respond to the specifically delineated portions of the plaintiffs' complaint as follows:

## I. INTRODUCTION AND OVERVIEW

1.

There is no allegation asserted against Defendants in this paragraph, but to the extent a response is required, Defendants deny the allegations in paragraph 1.

2.

Defendants admit the allegations in paragraph 2.

3.

There is no allegation asserted against Defendants in this paragraph, but to the extent a response is required, Defendants admit that Shane Kendall was found unresponsive in his cell on February 1, 2021, and that jail staff requested medical assistance. As to the remaining allegations in paragraph 3, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

4.

There is no allegation asserted against Defendants in this paragraph, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

5.

Defendants deny the allegations in paragraph 5.

6.

Defendants deny the allegations in paragraph 6.

7.

Defendants deny the allegations in paragraph 7.

8.

Defendants deny the allegations in paragraph 8.

9.

Defendants deny the allegations in paragraph 9.

10.

Defendants deny the allegations in paragraph 10.

## II.     FACTS

11.

Defendants admit that Shane Kendall was an inmate at the Fulton County Jail and that he was pronounced dead after being discovered in his cell. As to the remaining allegations in paragraph 11, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

12.

Defendants admit that Shane Kendall was 15 years of age on June 9, 2017. As to the remaining allegations in paragraph 12, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

13.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.

Defendant NaphCare admits that at different times during Shane Kendall's confinement, its employees and agents noted his psychiatric diagnoses, medication needs, mental health needs, and any prior hospitalization or treatment. Defendant NaphCare denies the remaining allegations in paragraph 16 and any allegations that are inconsistent with a plain reading and interpretation of Shane Kendall's medical records.

There are no allegations asserted against Defendants Agyei and Nwankwo in paragraph 16, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

17.

Defendant NaphCare admits that through its employees and agents it had some knowledge of Shane Kendall's mental health diagnoses, age, and psychiatric conditions.

Regarding knowledge of Shane Kendall's "serious mental health diagnoses, age, and recent psychiatric hospitalization," Defendants Agyei and Nwankwo lack knowledge or information sufficient to form a belief about the truth of said allegations.

Defendants deny that they assigned Shane Kendall to general population housing. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

18.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.

Defendants admit that Shane Kendall was prescribed Depakote, Seroquel, and Benadryl by NaphCare agents or employees while at the Fulton County Jail.

20.

Defendant NaphCare admits that its employees or agents reported informing Shane Kendall about the side effects of his medication; that a NaphCare employee or agent noted Shane Kendall lost weight; and at times, noted that Shane Kendall was compliant with his medication with no side effects. Defendant NaphCare denies

the remaining allegations in paragraph 20 and any allegations that are inconsistent with a plain reading and interpretation of Shane Kendall's medical records.

Defendants Agyei and Nwankwo lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

## 21.

Defendant NaphCare admits that through its employees and agents, it was aware that Shane Kendall lost weight while an inmate at Fulton County Jail. Defendant NaphCare denies the remaining allegations in paragraph 21 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records.

Defendants Agyei and Nwankwo deny that they "knew [Shane Kendall] suffered dramatic weight loss" and deny that they, in turn, "never adequately addressed or documented" it or "note[d] it as a cause for concern."

As to the allegations asserted against Fulton County Jail, Jail staff, or any medical provider not associated or related to them, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

## 22.

Defendants deny the allegations asserted against them in paragraph 22.

As to the allegations asserted against Fulton County Jail, Jail staff, or any medical provider not associated or related to them, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

23.

Defendants deny the allegations asserted against them in paragraph 23.

As to the allegations asserted against Fulton County Jail, Jail staff, or any medical provider not associated or related to them, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

24.

Defendant NaphCare admits that through its employees and agents, it knew the Shane Kendall was diagnosed with at least one mental illness. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 24 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records.

Defendants Agyei and Nwankwo deny the allegations asserted against them in paragraph 24.

As to the allegations asserted against Fulton County Jail and Jail staff, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

25.

Defendant NaphCare admits that on January 1, 2021, according to Shane Kendall's medical records, MHP Roberto Montana told a Lieutenant Jones that Shane Kendall "has a mental health problem." Defendant NaphCare also admits that through its employees and agents, it knew that Shane Kendall was diagnosed with at least one mental health illness. Defendant NaphCare denies the remaining allegations in paragraph 25 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records. Regarding the allegations asserted against Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegation.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 25, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegation.

26.

Defendant NaphCare admits that Shane Kendall's medical records show that on January 14, 2021, Psych NP Pamela Nelome noted that Shane Kendall was medication compliant with no side effects, he was dysphoric, his mood was "depressed," he requested an increase in Seroquel, and his morning dose of Depakote was increased. Defendant NaphCare denies the remaining allegations in paragraph

26 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 26, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegation.

27.

Defendant NaphCare admits that Shane Kendall's medical records show that on January 28, 2021, Brenda Dugan noted, among other things, that Shane Kendall was not suffering from visual hallucinations or delusional thinking. Defendant NaphCare also admits that Brenda Dugan noted that Shane Kendall reported feeling depressed and he continued to suffer from psychotic and mood disorders and impulsiveness. Defendant NaphCare denies the remaining allegations in paragraph 27 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 27, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

28.

No allegations are asserted against Defendants in paragraph 28, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

29.

Defendant NaphCare admits that Defendants Agyei and Nwankwo were on shift on the night on January 31, 2021, through the morning of February 1, 2021, and that they were to perform or provide medical treatment as necessary to Fulton County inmates. As to the remaining allegations in paragraph 29, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of the same.

Defendant Agyei admits that he was on shift on the night of January 31, 2021, through the morning of February 1, 2021, and that he would have performed or provided medical treatment to any Fulton County inmate as necessary. As to the remaining allegations in paragraph 29, Defendant Agyei lacks knowledge or information sufficient to form a belief about the truth of the same.

Defendant Nwankwo admits that she was on shift on the night of January 31, 2021, through the morning of February 1, 2021, and that she would have performed or provided medical treatment to any Fulton County inmate as necessary. As to the

remaining allegations in paragraph 29, Defendant Nwankwo lacks knowledge or information sufficient to form a belief about the truth of the same.

30.

No allegations are asserted against Defendants in paragraph 30, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

31.

No allegations are asserted against Defendants in paragraph 31, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

32.

Defendants admit that Shane Kendall was unresponsive at the Fulton County Jail. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the same.

33.

No allegations are asserted against Defendants in paragraph 33. To the extent a response is required, Defendants admit that there was a "stretcher call" around 06:10 to Shane Kendall's location. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the same.

34.

Defendants deny the allegations in paragraph 34.

35.

Defendants NaphCare and Nwankwo lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

No allegations are asserted against Defendant Agyei in paragraph 35, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of the same.

36.

Defendants NaphCare and Nwankwo deny the allegations in paragraph 36 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

No allegations are asserted against Defendant Agyei in paragraph 36, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of the same.

37.

Defendants admit that Defendants Agyei and Nwankwo provided medical treatment to Shane Kendall, that an Automated External Defibrillator was placed on Shane Kendall, and that the AED advised "no shock." Defendants deny the remaining allegations in paragraph 37 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

38.

Defendants admit that after the AED was applied to Shane Kendall, it advised "no shock." Defendants deny the remaining allegations in paragraph 38 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

39.

Defendants deny the allegations in paragraph 39 and any allegations inconsistent with a plain reading of Shane Kendall's medical records.

40.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.

Defendants deny the allegations in paragraph 42. As to the allegations against Fulton County and Sheriff Labat, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.

As to these Defendants, they deny the allegations in paragraph 43. As to the allegations against Fulton County Jail, its agents, servants, and employees,

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

### III. JURISDICTION

45.

Defendant NaphCare admits that it is a citizen of Alabama for jurisdictional purposes. Defendant NaphCare denies that this court has subject matter jurisdiction over it because Plaintiffs have not properly alleged a basis for it. As to the remaining allegations in paragraph 45, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of the same.

Defendant Agyei admits that he is a citizen of Georgia for jurisdictional purposes. Defendant Agyei denies that this court has subject matter jurisdiction over him because Plaintiffs have not properly alleged a basis for it. As to the remaining allegations in paragraph 45, Defendant Agyei lacks knowledge or information sufficient to form a belief about the truth of the same.

Defendant Nwankwo admits that she is a citizen of Georgia for jurisdictional purposes. Defendant Nwankwo denies that this court has subject matter jurisdiction over her because Plaintiffs have not properly alleged a basis for it. As to the

remaining allegations in paragraph 45, Defendant Nwankwo lacks knowledge or information sufficient to form a belief about the truth of the same.

46.

Defendants deny the allegations in paragraph 46.

47.

No allegations are asserted against Defendants in paragraph 47, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

**IV. VENUE**

48.

Defendants admit that the purported acts and omissions alleged in Plaintiffs' Complaint occurred in the Northern District of Georgia, and to the extent the allegations are true and provable, venue is proper in this District.

49.

Defendants admit that the purported acts and omissions alleged in Plaintiffs' Complaint occurred in this division, and to the extent the allegations are true and provable, the division assignment is correct.

**V. TIMELINESS OF COMPLAINT**

50.

No allegations are asserted against Defendants in paragraph 50.

## VI.    PARTIES

### A. Plaintiff

51.

Defendants admit that Shane Kendall was an inmate at the Fulton County Jail during periods between 2019 and 2021. As to the remaining allegations in paragraph 51, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

52.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

### B. Named Defendants

#### i. Fulton County

53.

No allegations are asserted against Defendants in paragraph 53, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

54.

No allegations are asserted against Defendants in paragraph 54, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

55.

No allegations are asserted against Defendants in paragraph 55, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

56.

No allegations are asserted against Defendants in paragraph 56, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

57.

No allegations are asserted against Defendants in paragraph 57, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

58.

No allegations are asserted against Defendants in paragraph 58, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

59.

No allegations are asserted against Defendants in paragraph 59, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

60.

No allegations are asserted against Defendants in paragraph 60, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

61.

No allegations are asserted against Defendants in paragraph 61, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

62.

No allegations are asserted against Defendants in paragraph 62, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

63.

No allegations are asserted against Defendants in paragraph 63, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

64.

No allegations are asserted against Defendants in paragraph 64, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

65.

No allegations are asserted against Defendants in paragraph 65, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

66.

No allegations are asserted against Defendants in paragraph 66, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

67.

No allegations are asserted against Defendants in paragraph 67, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

68.

No allegations are asserted against Defendants in paragraph 68, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

69.

No allegations are asserted against Defendants in paragraph 69, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

70.

No allegations are asserted against Defendants in paragraph 70, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

71.

No allegations are asserted against Defendants in paragraph 71, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

72.

No allegations are asserted against Defendants in paragraph 72, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

73.

No allegations are asserted against Defendants in paragraph 73, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

74.

No allegations are asserted against Defendants in paragraph 74, but to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

### ii.   NaphCare, Inc.

75.

Defendant NaphCare admits that it is a corporation organized under the laws of the state of Alabama that is authorized to transact business in the state of Georgia; that its principal place of business is located at 2090 Columbiana Road, Suite 4000, Birmingham, Alabama 35216; and that it can be served via its registered agent located at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant NaphCare denies that it is subject to the jurisdiction and venue of this Court as it relates to Plaintiffs' Complaint.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 75, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

76.

Defendant NaphCare admits that it entered into an agreement with Fulton County, Georgia, for and on behalf of the Fulton County Sheriff's Office to provide medical care or treatment to Fulton County Jail inmates. Defendant NaphCare denies the remaining allegations in paragraph 76 and any allegations inconsistent with a plain reading or interpretation of the agreement between or among NaphCare and the Fulton County, Georgia, and Fulton County Sheriff's Office.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 76, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

77.

Defendant NaphCare admits that between 2019 through 2021, it provided medical care and treatment at the Fulton County Jail as required by its agreement with Fulton County, Georgia, and the applicable standards of care. Defendant NaphCare denies the remaining allegations in paragraph 77.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 77, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

78.

As alleged, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 78, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

79.

Defendant NaphCare denies the allegations in paragraph 79.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 79, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

80.

As alleged, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to its responsibility to train and supervise "Jail medical personnel."

Defendant NaphCare denies the remaining allegations within paragraph 80.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 80, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

81.

Defendant NaphCare admits that generally it can be subject to direct liability and imputed liability based on the actions or inactions of its officials, employees, or agents when they act or fail to act within the ordinary course of their employment with NaphCare. Defendant NaphCare denies that it is subject to direct or imputed liability in this case based on the allegations in Plaintiffs' Complaint.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 81, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

82.

Defendant NaphCare admits that through its employees or agents it had knowledge of Shane Kendall's health and mental health conditions and that Shane Kendall required certain treatment for his health and medical conditions. Defendant NaphCare denies the remaining allegations in paragraph 82.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 82, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

83.

Defendant NaphCare denies the allegations in paragraph 83.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 83, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

### iii. <u>Patrick Labat</u>

84.

No allegations are asserted against Defendants in paragraph 84, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

85.

No allegations are asserted against Defendants in paragraph 85, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

86.

No allegations are asserted against Defendants in paragraph 86, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

87.

No allegations are asserted against Defendants in paragraph 87, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

88.

No allegations are asserted against Defendants in paragraph 88, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

89.

No allegations are asserted against Defendants in paragraph 89, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

90.

No allegations are asserted against Defendants in paragraph 90, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

91.

No allegations are asserted against Defendants in paragraph 91, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

92.

No allegations are asserted against Defendants in paragraph 92, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

93.

No allegations are asserted against Defendants in paragraph 93, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

94.

No allegations are asserted against Defendants in paragraph 94, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

95.

No allegations are asserted against Defendants in paragraph 95, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

96.

No allegations are asserted against Defendants in paragraph 96, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

97.

No allegations are asserted against Defendants in paragraph 97, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

98.

No allegations are asserted against Defendants in paragraph 98, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

99.

No allegations are asserted against Defendants in paragraph 99, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

## 100.

No allegations are asserted against Defendants in paragraph 100, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

### iv. **Michael Agyei**

## 101.

Defendant Agyei admits that between 2019 and 2021 he was employed by NaphCare as a Physician's Assistant and that he was required to provide medical care and treatment pursuant to his position description and the applicable standards of care. Defendant Agyei denies the remaining allegations in paragraph 101.

Defendant NaphCare admits that between 2019 and 2021 Defendant Agyei was employed by it as a Physician's Assistant and that he was required to provide medical care and treatment pursuant to his position description and the applicable standards of care. Defendant NaphCare denies the remaining allegations in paragraph 101.

No allegations are asserted against Defendant Nwankwo in paragraph 101, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

102.

Defendants Agyei and NaphCare admit that between 2019 through 2021, Defendant Agyei was licensed to practice as a physician's assistant and that he was required to provide all care or treatment allowed by law for possessing said license. Defendants Agyei and NaphCare deny the remaining allegations in paragraph 102.

No allegations are asserted against Defendant Nwankwo in paragraph 102, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

103.

Defendants Agyei and NaphCare admit that between 2019 through 2021, Defendant Agyei was an employee of Defendant NaphCare and that said employment allowed him to provide certain medical care or treatment to inmates at the Fulton County Jail. As to the remaining allegations in paragraph 103, Defendants Agyei and NaphCare lack knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendant Nwankwo in paragraph 103, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

104.

Defendant Agyei admits that he is a resident and citizen of the State of

Georgia. Defendant Agyei denies the remaining allegations in paragraph 104.

No allegations are asserted against Defendants NaphCare and Nwankwo in paragraph 104, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

105.

Defendants Agyei and NaphCare admit that when Defendant Agyei was on shift at the Fulton County Jail between 2019 through 2021, he provided health care or treatment pursuant to his job description with Defendant NaphCare and the applicable standards of care.

No allegations are asserted against Defendant Nwankwo in paragraph 105, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

106.

Defendants Agyei and NaphCare admit that on February 1, 2021, Defendant Agyei was on shift to provide medical care or treatment at the Fulton County Jail; that at 06:10, a "stretcher call" was made relating to Shane Kendall; that when he arrived Shane Kendall was unresponsive; and that he participated in resuscitation efforts, in part, by using an AED. Defendants Agyei and NaphCare deny the remaining allegations in paragraph 106.

No allegations are asserted against Defendant Nwankwo in paragraph 106, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

107.

Defendants Agyei and NaphCare deny the allegations in paragraph 107.

No allegations are asserted against Defendant Nwankwo in paragraph 107, but to the extent a response is required, she lacks knowledge or information sufficient to form a belief about the truth of said allegations.

### v.  Edith Nwankwo

108.

Defendant Nwankwo admits that between 2019 and 2021 she was employed by NaphCare as a Registered Nurse and that she was required to provide medical care and treatment pursuant to her job description and the applicable standards of care. Defendant Nwankwo denies the remaining allegations in paragraph 108.

Defendant NaphCare admits that between 2019 and 2021 Defendant Nwankwo was employed by it as a Registered Nurse and that she was required to provide medical care and treatment within the scope of her job description, the State Board of Nursing Practice, and the applicable standards of care. Defendant NaphCare denies the remaining allegations in paragraph 108.

No allegations are asserted against Defendant Agyei in paragraph 108, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

109.

Defendants Nwankwo and NaphCare admit that between 2019 through 2021, Defendant Nwankwo was licensed as a registered nurse and provided all care or treatment allowed by law for possessing said license. Defendants Nwankwo and NaphCare deny the remaining allegations in paragraph 109.

No allegations are asserted against Defendant Agyei in paragraph 109, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

110.

Defendants Nwankwo and NaphCare admit that between 2019 through 2021, Defendant Nwankwo was an employee of Defendant NaphCare and that said employment allowed her to provide certain medical care or treatment to inmates at the Fulton County Jail within the scope of her licensure. As to the remaining allegations in paragraph 110, Defendants Nwankwo and NaphCare lack knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendant Agyei in paragraph 110, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

111.

Defendant Nwankwo admits that she is a resident and citizen of the State of Georgia and resides in Fulton County, Georgia. Defendant Nwankwo denies the remaining allegations in paragraph 111.

No allegations are asserted against Defendants NaphCare and Nwankwo in paragraph 111, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

112.

Defendants Nwankwo and NaphCare admit that when Defendant Nwankwo was on shift at the Fulton County Jail between 2019 through 2021, she provided health care or treatment within the scope of her job description, the State Board of Nursing Practice, and the applicable standards of care.

No allegations are asserted against Defendant Agyei in paragraph 112, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

113.

Defendants Nwankwo and NaphCare admit that on February 1, 2021, Defendant Nwankwo was on shift to provide medical care or treatment at the Fulton County Jail; that at 06:10, a "stretcher call" was made relating to Shane Kendall; and that when she arrived, Shane Kendall was unresponsive. Defendants Nwankwo and NaphCare deny the remaining allegations in paragraph 113.

No allegations are asserted against Defendant Agyei in paragraph 113, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

114.

Defendants Nwankwo and NaphCare deny the allegations in paragraph 114.

No allegations are asserted against Defendant Agyei in paragraph 114, but to the extent a response is required, he lacks knowledge or information sufficient to form a belief about the truth of said allegations.

**VII.**   **CAUSES OF ACTION**

**COUNT I**
**(ALL DEFENDANTS)**
**4.2 U.S.C. §1983: VIOLATION OF EIGHTH AND**
**FOURTEENTH AMENDMENTS**

115.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

Defendants admit they responsible for providing medical treatment or care for inmates at the Fulton County, pursuant to the applicable standards of care, Defendant Agyei's licensure requirements, Defendant Nwankwo's licensure requirements, and NaphCare's Agreement with Fulton County, Georgia. Defendants further admit that they are responsible for diagnosing, treating, or caring for inmates like Shane Kendall based on the then-existing circumstances at the respective times they interacted with Shane Kendall. Defendants deny the remaining the allegations in paragraph 116 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records and the Agreement between NaphCare and Fulton County, Georgia.

As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

Defendants deny the allegations in paragraph 117.

Defendant NaphCare admits that through its employees and the respective times of their treatment or care of Shane Kendall, it knew of Shane Kendall's medical needs. Defendant NaphCare deny the remaining allegations in paragraph

118 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

Defendants Agyei and Nwankwo admit that at certain times during their respective employment and when they had their respective contacts with Shane Kendall, they were aware of his then-existing medical needs. Defendants Agyei and Nwankwo deny the remaining allegations in paragraph 118 and any allegations that are inconsistent with a plain reading of Shane Kendall's medical records. As to the allegations asserted against Defendant Fulton County, Defendants Agyei and Nwankwo lack knowledge or information sufficient to form a belief about the truth of said allegations.

119.

Defendants deny the allegations asserted against them in paragraph 119. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

120.

Defendants deny the allegations asserted against them in paragraph 120. As to the allegations asserted against Defendant Fulton County, Defendants lack

knowledge or information sufficient to form a belief about the truth of said allegations.

121.

Defendants deny the allegations asserted against them in paragraph 121. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

122.

Defendants deny the allegations asserted against them in paragraph 122. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

123.

Defendants deny the allegations asserted against them in paragraph 123. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

124.

Defendants deny the allegations asserted against them in paragraph 124. As to the allegations asserted against Defendant Fulton County, Defendants lack

knowledge or information sufficient to form a belief about the truth of said allegations.

125.

Defendants deny the allegations asserted against them in paragraph 125. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

126.

Defendants deny the allegations asserted against them in paragraph 126. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT II

### (DEFENDANTS FULTON COUNTY AND NAPHCARE, INC.) 4.2 U.S.C. §1983: VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS

127.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

128.

Defendant NaphCare admits that pursuant to its agreement with Fulton County, Georgia, it was required to provide medical care and treatment to Shane Kendall pursuant to the applicable standards of care. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 128. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 128, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

129.

Defendant NaphCare admits that pursuant to its agreement with Fulton County, Georgia, it provided medical treatment or care to inmates at the Fulton County Jail in a manner that did not violate the inmates' rights under the provisions and amendments of the United States Constitution. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 129. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 129, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

130.

Defendant NaphCare admits that pursuant to its agreement with Fulton County, Georgia, it provided medical treatment or care to inmates at the Fulton County Jail in a manner that did not violate the inmates' rights under the provisions and amendments of the United States Constitution. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 130. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 130, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

131.

Defendant NaphCare admits that it provided medical treatment or care to Shane Kendall through its employees and agents. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 131. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 131, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

132.

Defendant NaphCare admits that it had certain policies and procedures in effect relating to its employees' interactions with inmates and the providing of medical care or treatment to inmates at the Fulton County Jail. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 132. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 132, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

133.

Defendant NaphCare denies the allegations asserted against it in paragraph 133. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 133, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

134.

Defendant NaphCare denies the allegations asserted against it in paragraph 134. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 134, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

135.

Defendant NaphCare denies the allegations asserted against it in paragraph 135. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 135, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

## 136.

Defendant NaphCare admits that it was responsible for training those persons under its employ at the Fulton County Jail, pursuant to its agreement with Fulton County, Georgia, and the applicable standards of care. Defendant NaphCare denies the remaining allegations asserted against it in paragraph 136. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 136, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

## 137.

Defendant NaphCare denies the allegations asserted against it in paragraph 137. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 137, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

138.

Defendant NaphCare denies the allegations asserted against it in paragraph 138. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 138, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

139.

Defendant NaphCare denies the allegations asserted against it in paragraph 139. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 139, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

140.

Defendant NaphCare denies the allegations asserted against it in paragraph 140. As to the allegations asserted against Defendant Fulton County, Defendant

NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 140, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

141.

Defendant NaphCare denies the allegations asserted against it in paragraph 141. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 141, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

142.

Defendant NaphCare denies the allegations asserted against it in paragraph 142. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 142, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

143.

Defendant NaphCare denies the allegations asserted against it in paragraph 143. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 143, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

144.

Defendant NaphCare denies the allegations asserted against it in paragraph 144. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 144, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

145.

Defendant NaphCare denies the allegations asserted against it in paragraph 145. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 145, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

146.

Defendant NaphCare denies the allegations asserted against it in paragraph 146. As to the allegations asserted against Defendant Fulton County, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 146, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

# COUNT III

## (ALL DEFENDANTS)
## CLAIM UNDER GEORGIA LAW
## FOR INADEQUATE MEDICAL CARE O.C.G.A. § 42-5-2

### 147.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

### 148.

Defendants deny the allegations asserted against it in paragraph 148. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

### 149.

Defendants deny the allegations asserted against it in paragraph 149. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

### 150.

Defendants deny the allegations asserted against it in paragraph 150. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

151.

Defendants deny the allegations asserted against it in paragraph 151. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT IV

## (ALL DEFENDANTS)
## CLAIM UNDER GEORGIA LAW FOR
## BREACH DUTIES OF SHERIFF, PERSUANT TO O.C.G.A. § 42-4-4

152.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

153.

Defendants deny the allegations asserted against it in paragraph 153. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

154.

Defendants deny the allegations asserted against it in paragraph 154. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

155.

Defendants deny the allegations asserted against it in paragraph 155. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

156.

Defendants deny the allegations asserted against it in paragraph 156. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT V

## (DEFENDANTS NAPHCARE, AGYEI AND NWANKWO)
## CLAIM UNDER GEORGIA LAW FOR MEDICAL MALPRATICE

157.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

158.

Defendants admit that Defendants Agyei and Nwankwo were employees of Defendant NaphCare while it was providing medical care or treatment pursuant to their employments at the Fulton County Jail and as a statement of law, their actions may be imputed to Defendant NaphCare. Defendants deny that they were negligent

as alleged in Plaintiffs' Complaint and deny the remaining allegations in paragraph 158.

## 159.

Defendants deny the allegations asserted against it in paragraph 159.

## 160.

As alleged, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160.

## 161.

Defendants deny the allegations asserted against them in paragraph 161.

## 162.

Defendants deny the allegations asserted against them in paragraph 162.

## 163.

Defendants deny the allegations asserted against them in paragraph 163.

## 164.

Defendants deny the allegations asserted against them in paragraph 164.

## 165.

Defendants admit that an affidavit was served and attached with Plaintiffs' Complaint. Defendants deny the remaining allegations asserted against them in paragraph 165.

166.

Defendants admit that an affidavit was served and attached with Plaintiffs' Complaint. Defendants deny the remaining allegations asserted against them in paragraph 166.

## COUNT V

## (DEFENDANT NAPHCARE)
## CLAIM UNDER GEORGIA LAW FOR NEGLIGENT CREDENTIALING

167.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

168.

Defendant NaphCare denies the allegations asserted against it in paragraph 168.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 168, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

169.

Defendant NaphCare denies the allegations asserted against it in paragraph 169.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 169, but to the extent a response is required, they lack knowledge or

information sufficient to form a belief about the truth of said allegations.

170.

Defendant NaphCare denies the allegations asserted against it in paragraph 170.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 170, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT VI

## (ALL DEFENDANTS)
## ORDINARY NEGLIGENCE

171.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

172.

Defendants, to the extent they provided or were required to provide care or treatment to Shane Kendall, were required to provide such care or treatment pursuant to the applicable standards of care for the then-existing circumstances. Defendants deny the remaining allegations in paragraph 172. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

173.

Defendants deny the allegations asserted against them in paragraph 173. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

174.

Defendants deny the allegations asserted against them in paragraph 174. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

175.

Defendants deny the allegations asserted against them in paragraph 175. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

176.

Defendants deny the allegations asserted against them in paragraph 176. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

177.

Defendants deny the allegations asserted against them in paragraph 177. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

178.

Defendants deny the allegations asserted against them in paragraph 178. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

179.

Defendants deny the allegations asserted against them in paragraph 179. As to the allegations asserted against Defendant Fulton County, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

## **COUNT VII**

## **(DEFENDANTS FULTON COUNTY, LABAT, NAPHCARE) NUISANCE**

180.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

181.

Defendant NaphCare denies the allegations asserted against it in paragraph 181. As to the allegations asserted against Defendants Fulton County and Labat, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 181, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

182.

Defendant NaphCare denies the allegations asserted against it in paragraph 182. As to the allegations asserted against Defendants Fulton County and Labat, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 182, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

183.

Defendant NaphCare denies the allegations asserted against it in paragraph 183. As to the allegations asserted against Defendants Fulton County and Labat,

Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 183, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

184.

Defendant NaphCare denies the allegations asserted against it in paragraph 184. As to the allegations asserted against Defendants Fulton County and Labat, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 184, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

185.

Defendant NaphCare denies the allegations asserted against it in paragraph 185. As to the allegations asserted against Defendants Fulton County and Labat, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 185, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

186.

Defendant NaphCare denies the allegations asserted against it in paragraph 186. As to the allegations asserted against Defendants Fulton County and Labat, Defendant NaphCare lacks knowledge or information sufficient to form a belief about the truth of said allegations.

No allegations are asserted against Defendants Agyei and Nwankwo in paragraph 186, but to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT VIII

## (ALL DEFENDANTS)
## PUNITIVE DAMAGES

187.

Defendants incorporate by reference its responses to Plaintiffs' preceding allegations as if specifically realleged.

188.

Defendants deny the allegations asserted against them in paragraph 188. As to the allegations asserted against Defendants Fulton County and Labat, Defendants

lack knowledge or information sufficient to form a belief about the truth of said allegations.

189.

Defendants deny the allegations asserted against them in paragraph 189. As to the allegations asserted against Defendants Fulton County and Labat, Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations.

To the extent that the "WHEREFORE" clause in the complaint can be interpreted to contain allegations requiring a response, these defendants deny those allegations.

To the extent any allegation remains unanswered, these defendants deny that allegation.

WHEREFORE, the defendants request a trial by jury, a pre-trial conference, and that judgment be entered in their favor, with costs cast against the plaintiffs.

Respectfully submitted this 24th day of February, 2023.

*Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendants NaphCare, Inc.,*
*Michael Agyei and Edith Nwankwo*

Huff, Powell & Bailey, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone:  (404) 892-4022
Fax:  (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing ANSWER AND DEMAND FOR A TRIAL BY A JURY OF TWELVE PERSONS OF DEFENDANTS NAPHCARE, INC., MICHAEL AGYEI, AND EDITH NWANKWO was electronically filed using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 24th day of February, 2023.

*Antonio E. Veal*
Michael G. Frankson
Georgia Bar No.: 173835
Antonio E. Veal
Georgia Bar No.: 460007

*Counsel for Defendants NaphCare, Inc.,*
*Michael Agyei, and Edith Nwankwo*

HUFF, POWELL & BAILEY, LLC
999 Peachtree Street, Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Fax: (404) 892-4033
Email: mfrankson@huffpowellbailey.com
Email: aveal@huffpowellbailey.com